KENNETH McLAUGHLIN v. STATE.

No. A.-8673. May 18, 1934.
(32 Pac. [2d] 953.)

A. R. Carpenter, for plaintiff in error.

J. Berry King, Atty. Gen., Smith C. Matson, Asst. Atty. Gen., and J. H. Lawson, for the State.

CHAPPELL, J.   Plaintiff in error was convicted in the county court of Alfalfa county of the crime of petit larceny in the stealing of some wheat, and his punishment fixed by the jury at a fine of $50 and imprisonment in the county jail for a period of 20 days.

The state jointly charged Ed. McLaughlin and Kenneth, his son, with the larceny of the wheat. The evidence of the state was that some wheat was stolen from one J. T. Bales, who resided about four miles from the home of Ed. McLaughlin; that wheat leaked out of the vehicle in which it was moved, and that by following the trail of the stolen wheat it led to the Ed. McLaughlin farm; that about thirty bushel of wheat was found in an old wagon at that place and a test showed it to be the same kind of wheat; that this wheat had been stored in a house and that plaster and wallpaper were found in the wheat found on the McLaughlin place similar to that left in the Bales bin; that Ed. McLaughlin had purchased an old truck the day before the theft and that this truck had been driven to the McLaughlin home and over to the Highfill home by one Dick Highfill; that Kenneth McLaughlin accompanied Highfill and spent the night and most of the next day at the Highfill home.   On this evidence the jury found the father, Ed. McLaughlin, not guilty and the defendant guilty.

Defendant contends this evidence is wholly insufficient to support the verdict of the jury.

A careful reading of the record discloses no competent testimony sufficient to connect the defendant with the larceny of the wheat. There are some suspicious circumstances in the case, but defendant should not be branded a criminal and forced to serve a term in the county jail and pay a fine on suspicion and surmise.

There being a total failure of competent testimony to connect defendant with the commission of the offense, the case is reversed.

DAVENPORT, J., concurs. EDWARDS, P. J., dissents.